FILED'09 AUG 18 14:14 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN CARLOS REYNOLDS,                         CV. 08-6261-PK

       Plaintiff,                            ORDER

  v.

MULTNOMAH COUNTY SHERIFF BERNIE
GIUSTO, PORTLAND POLICE OFFICER
MARTIN and PORTLAND POLICE
OFFICER LARSON,

       Defendants.

MOSMAN, District Judge.

Pending before the court are plaintiff's Motion for Default (#27), plaintiff's Motion for Leave to Amend (third) (#35), plaintiff's Motions for Extension of Time (#21 & #29), and defendants Martin and Larson's Motion to Dismiss (#23).

## I.  Motion for Default

### A.  Default Standards of Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

1 - ORDER

is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.R.Civ.P. 55(a).  In <u>Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec</u>, 854 F.2d 1538 (9th Cir. 1988), the Ninth Circuit noted that "the philosophy of modern federal procedure favors trials on the merits, and default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." <u>Id</u>. at 1546.  In other words, default is disfavored over a decision on the merits where it is clear a defendant's failure to appropriately respond was not intentional or entirely outside the bounds of reasonable conduct.

B.  **Analysis**

Plaintiff's Amended Complaint was deemed filed on April 9, 2009.  On April 28, 2009, counsel for defendant Giusto returned a waiver of service of summons on Giusto's behalf.  On May 8, 2009, Guisto filed his Answer to the Amended Complaint.  On May 12, 2009, counsel for defendants Martin and Larson returned a waiver of service of summons on behalf of Martin and Larson and noted their answer would be filed by June 1, 2009.  On June 9, 2009, defendants Martin and Larson filed a Motion to Dismiss.  Plaintiff moved for default against Martin and Larson on June 17, 2009.

Entry of default is inappropriate in this case.  Defendants Martin and Larson have moved to dismiss the Amended Complaint

2 - ORDER

raising a meritorious defense. In addition, these defendants filed an objection to plaintiff's motion for default indicating that their response to plaintiff's amended complaint was briefly delayed due to defense counsel's illness. Response to Motion for Default Judgment (#27), p. 2. Martin and Larson have responded to this action with reasonable promptness and have advanced a meritorious defense. Under the circumstances, any default, even if entered, would be properly set aside.

## II. Motion to Dismiss

Defendants Martin and Larson move to dismiss plaintiff's amended complaint on the grounds: that it is untimely under Oregon law, that plaintiff has failed to state a cognizable Eighth Amendment claim for cruel and unusual punishment, and that his state law claims, in addition to being untimely, are barred because he failed to provide timely tort claim notice in accordance with the relevant Oregon statute.

### A. Motion to Dismiss Standard of Law

When analyzing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations contained in the complaint and construe them in the light most favorable to the plaintiff. Mishler v. Clift, 191 F.3d 998, 1003 (9th Cir. 1999). Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. Thus, "'[t]he

3 - ORDER

issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims.'" Cervantes v. City of SanDiego, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974))(emphasis in the original).

Generally, with respect to Rule 12(b)(6) motions, the court may not consider any evidence contained outside the pleadings; however, a court may take judicial notice of facts outside the pleadings which are matters of public record, such as records or reports from courts or administrative bodies. Mullis v. United State Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1387 & n. 9 (9th Cir. 1987); Fed.R.Evid. 201. With respect to allegations in a pro se complaint, said allegations are generally held to less stringent standards then formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972).

Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000); Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Oregon's personal injury statute of limitations is two years. See Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989). The limitations period begins to run when a plaintiff knows or has

reason to know of the injury forming the basis of the action. Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002).

### B. Analysis

Defendants Martin and Larson argue that plaintiff's claims are time barred because he alleges in his complaint that "[o]n or about July, 2006" Martin and Larson took certain actions which resulted in his arrest. Memorandum in Support of Motion to Dismiss (#24), p. 3. In response, plaintiff indicates the time period at issue is between April 25, 2006, when he was originally arraigned, and August 8, 2006, when the charges were dismissed. Plaintiff's Response (#34), p. 2. Nevertheless, the record reflects Reynolds did not mail his original complaint until August 15, 2008. The court received the complaint on August 19, 2008 and it was filed on August 20, 2008. Accordingly, giving plaintiff every benefit with regard to time frames, I agree with Martin and Larson that the claims against them are untimely.

Plaintiff contends he is entitled to equitable tolling, however, for the following reasons: (1) law library time in the prison facilities where he resided was very limited; (2) between May 19, 2008 and August 2, 2008 he was involved in the Deshutes Forest Camp and the Department of Corrections fire crew and had no access to the law library; (3) between November 1, 2006 and March 1, 2007 he was detained in the Clackamas County jail where his mental state was "suppressed" and he had very limited time in the

5 - ORDER

law library; (4) the Clackamas County jail was inadequate in that it lacked any federal civil or criminal procedures or information on how to file a § 1983 case; and (5) during his confinement at the Coffee Creek Correctional Facility between March 2, 2007 and April 23, 2007 he had no access to the law library. In all, plaintiff asserts he was not able to access a law library for eight and a half months.

For actions under 42 U.S.C. § 1983, federal courts apply "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blana, 393 F.3d 918, 927 (9th Cir. 2004)(citing Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). Plaintiff cites no authority, and I am aware of none, suggesting that federal courts in Oregon may apply equitable tolling to § 1983 cases. My conclusion that equitable tolling does not apply here is in accord with United States District Judge Garr M. King's recent assessment of a similar issue. Judge King determined that because he was unable to locate any Oregon cases applying equitable tolling, he had "no precedent sho[w]ing that equitable tolling could apply to these claims under any circumstances." CV No. 06-143-KI, D.H.M. v. Or. Youth Auth., 2008 WL 1766727 (D.Or. Apr. 9, 2008).

Moreover, plaintiff presents insufficient evidence to justify equitable tolling, even if it were available. "Generally, a

litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)(citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 1112 L.Ed.2d 435 (1990)). Plaintiff's assertions regarding the amount and quality of his access to the prison law library do not entitle him to equitable tolling. Such assertions are common among prison litigants and even taking plaintiff's allegations as true, I am unconvinced that they constitute extraordinary circumstances which prevented him from filing a timely complaint.

Since plaintiff's claims are subject to a two year statute of limitations, the limitations period ended no later than August 8, 2008, two years after the witness tampering charges were dismissed. Accordingly, the applicable statute of limitations bars plaintiff's claims against Martin and Larson.

I note that defendant Giusto, while raising a statute of limitations defense in his answer, did not join in Martin and Larson's Motion to Dismiss. Nevertheless, because Reynolds' claims against Giusto involve events which occurred during the same time period discussed above, plaintiff is directed to show cause within 30 days of the date of this Order why his claims against Giusto should not be dismissed as untimely.

7 - ORDER

### III. Motion for Leave to Amend (third)

The court previously granted plaintiff's Motion for Leave to File an Amended Complaint (first) with the provision that all defendants except Multnomah County Sheriff Bernie Giusto, Portland Police Officer Martin and Portland Police Officer Larson are dismissed. Thereafter, the court denied plaintiff's Motion for Leave to Amend (second) on the ground that amendment adding Melissa Chureau as a defendant would be futile. Plaintiff now moves for further leave to amend his complaint to delete reference to an Eighth amendment claim and substitute allegations that defendants violated his Fourth and Fifth Amendment rights; to remove Chureau as a defendant; and to delete reference to a July arrest and substitute with allegations that he was arraigned in April.

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). However, in determining whether to grant a motion to amend, courts consider bad faith, undue delay, prejudice to the opposing party, futility to amendment, and prior amendments to the complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355-56 (9th Cir. 1996).

Given that Giusto has filed an answer to plaintiff's amended complaint (second) and Martin and Larson have moved for dismissal, plaintiff's motion to amend (third) is denied on the basis that the opposing parties would suffer prejudice. In addition, in view of

the court's conclusion that plaintiff's complaint is time-barred, his Motion for Leave to Amend is denied as futile.[1]

### CONCLUSION

IT IS ORDERED that plaintiff's Motion for Default (#27) and Motion for Leave to Amend (third) are DENIED. Plaintiff's Motions for Extension of Time (#21 & #29) are denied as moot. Defendants Martin and Larson's Motion to Dismiss (#23) is GRANTED. Plaintiff is directed to show cause within 30 days of the date of this Order why the claims against defendant Giusto should not be dismissed as untimely.

IT IS SO ORDERED.

DATED this 18 day of August, 2009.

Michael W. Mosman
United States District Judge

---

[1] The court considered content in plaintiff's proposed amended complaint (third) which relates to the timeliness of his original complaint as such content was also included in his response to Martin and Larsen's Motion to Dismiss.

9 - ORDER